## No. 723

### BAKER et, EXR., v. ALEXANDER

Ohio Appeals. 5th District Richland Co.

No. 252. Decided February 8, 1926.

1271. WILLS—1. After an item in will passes fee simple estate, the testator has nothing left to pass by further clause in will.

2. Clause attempting to restrain alienation of estate by devisee is void and of no effect.

3. Restraint on executor that estate shall not be closed for five years, is contrary to public policy.

4. Fee having passed to devisees, executors have no authority to sell realty and distribute proceeds.

5. Language attempting to forbid alienation construed as mere precatory declaration.

HOUCK, J.

This is an appeal from the construction of a will by the Richland Common Pleas Court. Item 10 of the codicil of said will reads as follows:

"Hereby revoke item 26 of my said will and

instead thereof it is my will that all the rest, residue and remainder of my property, if any, both real and personal, and wherever the same may be situated, I give, devise and bequeath to Laura Alexander etc., share and share alike or to their heirs share and share alike."

Item 29 of the will reads:

"It is further my will and I hereby direct my executors hereinafter named that he shall not close the administration of my estate until the expiration of five years after my death, and that he shall not sell any of my real estate during the first four years of his trust, but may sell it thereafter."

The questions propounded by the executors grow out of the language used in Item 29 above and may be summarized as follows:

(e) Are the executors authorized and empowered to sell the real estate, after four years, and distribute the proceeds among the devisees named in item 10 of the codicil?

(b) Are the executors to hold the real estate in trust until they sell it and account for the net profits to the devisees named in item 10 of the codicil?

(c) Can the executors legally close the administration of the estate before five years?

Common pleas court ruled that the executors had no interest in said realty and they appealed. The Court of Appeals held:

1. By item 10 of the codicil the testatrix gives the fee simple to the real estate in question to the residuary devisees named therein.

2. Having parted with the fee it must so pass unless item 29 creates a trust in the executors.

3. Construing the language of the will in its ordinary meaning, no trust was intended or placed in the executors as far as the realty is concerned.

4. The restraint against alienation as attempted is null and void and contrary to public policy.

5. Restraint placed on the executors that the estate shall not be closed for five years is null and void and contrary to public policy.

6. The fee having passed to the devisees, the executors have no authority to sell the realty and distribute the proceeds.

7. Where there is a repugnancy in a will, the language forbidding alienation is void for the reason that such qualifying provision is a mere precatory declaration, and the devisees take a fee simple estate.

Judgment of Common Pleas affirmed.

Attorneys—M. H. Lutz, and Mansfield & Black for Baker et, Brucker, Farber and A. B. Mabee for Alexander; all of Mansfield.